Daniel, J.
 

 Is the bail of King liable to satisfy the plaintiff’s joint judgment against King, Norfleet and Durham, upon a return of
 
 non est inventus
 
 against King only
 
 1
 
 The act of assembly, Rev. Stat. ch. 10 sec. 3 declares, that the plaintiff shall not have execution against the bail, until a
 
 ca. sa.
 
 be first
 
 *238
 
 returned that the defendant is not to be found in his proper county, and no
 
 scire facias
 
 shall issue against the bail, until such
 
 ca. sa.
 
 shall have been returned
 
 non est inventus.
 
 The execution must be in the joint names of all -the plaintiffs or defendants, and must in other respects pursue the judgment. 1 Ld. Ray. 244,1 Salk. 319, 2 Lord Ray, 808. And did not the legislature require, that the return of the sheriff should be as broad as the execution, before
 
 any
 
 of the bail of the defen-fendants should be subjected to the plaintiff’s demand? We think, that the legislature considered all the defendants in the execution as principal debtors, and the bail of all or any of the defendants, as
 
 quasi
 
 sureties only. And before these sureties (the bail) should be looked to (or the debt by the plaintiff in the execution, he should shew, that he had by a
 
 ca. sa.,
 
 returned
 
 non est inventus
 
 against all the principals, been unable to get his debt. In England, th.e law is, that the
 
 ca. sa.
 
 is not intended to be executed by the sheriff;; it is there required only to remain in the sheriff’s office four days, which is considered to be notice to the defendants to surrender themselves, and likewise notice to the bail, that if their principal do not surrender, they (the bail) will be looked to for the debt. In England, after the four days, the sheriff returns
 
 non est in-ventus,
 
 as to
 
 all
 
 the defendants in the execution, although he well knows they are all in his county. This being the law, the bail here as there ar.e not to be called upon by a
 
 scire fa-cias
 
 to pay the judgment or surrender their principals, until the plaintiff has had his
 
 ca. sa.
 
 returned
 
 non est
 
 inventus, as to
 
 all
 
 the defendants in it, or put in jail those defendants in the execution, who may be found by the sheriff, and arrested under the
 
 ca. sa.
 
 Were not this the law, the plaintiff in a
 
 ca. sa.
 
 might discharge a solvent defendant, and pursue the bail of an absconding defendant in the same execution, and get the debt out of him, and leave him remediless as to the solvent defendant. For we have decided in this court, that the bail of one partner, who has paid the debt, cannot bring assumpsit for money paid against the other partner. The case of
 
 Ferrall
 
 v.
 
 Brickell,
 
 bail of Lowe, decided at this term (ante p.)
 
 *239
 
 does not conflict with this case; for Hawkins, the co-defendant with Lowe in the
 
 ca. sa.,
 
 had been in fact arrested under if, and would have been put in jail, had he not discharged himself from the ca.
 
 sa.
 
 by giving bond and bail under the insolvent law. The said bail under the insolvent act afterwards surrendered Hawkins in open court, and Ferrall did not then move the court to commit him to jail. Here we see that Hawkins had been discharged from the imprisonment under the
 
 ca. sa.,
 
 not by Ferrall, but by force of the law (the insolvent law;) and, therefore, the bail of Lowe, the other co-defendant in the
 
 ca. sa.,
 
 had no right to complain of the conduct of the plaintiff in the execution. But that is a very different case from the one now before us ; for in law it was, as to the bail of Lowe, tantamount to Hawkins having been put to jail. But in this case, Norfleet and Durham are not, by the law, taken out of the custody of the sheriff under the
 
 ca. sa.,
 
 but they are, by the active management of the plaintiff in the
 
 ca. sa.,
 
 prevented from ever being arrested by the sheriff under that execution.
 

 It is further urged, that the sheriff, by not taking bail from the defendants in the original action, has thereby made himself special bail for all, yet that the contract by him is several, and the same as if bail bonds had been taken by the sheriff from each of the defendants with separate and distinct bail— in which case the bail of each would be answerable only for the appearance of his principal. And it is asked for what purpose shall a ca. sa. be returned as to any but the one, for which the bail, who is sought to be charged, is answerable. If he pays the debt for his principa!, he has no claim Upon any of the other principals for contribution.-
 

 We acknowledge the correctness of the latter principle, but not the conclusion drawn from it. It is true, in the case put,the bail is not entitled to contribution, but his interest in the appearance of the others, is not confined to that view. He has an interest that the defendants shall all be before the court. If one of them has paid the debt or has been released by the plaintiff, the payment or release will operate to the benefit oí
 
 *240
 
 all the defendants and their respective bail; or, if they have not Pa^ ^ or been released, if arrested on a
 
 ca. sa.
 
 they may find means through the interference of friends, or from secret resources, to discharge it. Upon a contrary practice, the protection, which the law intended for the bail, may often prove entirely illusive.- There are two defendants — one of them pays the debt — it is a private transaction between him and the plaintiff — the other is insolvent and has left the country. A
 
 ca. sa.
 
 issues against both — the one that is solvent and has paid the debt is here, and the sheriff is directed not to arrest him — the execution is returned not found as
 
 to the
 
 insolvent, who has absconded — and the bail is fixed. It is asked why arrest the other(defendant — he did not undertake for him. The answer is, if arrested, the fact of the payment by him would at once be made to appear, and the responsibility of the bail of the other be discharged. We believe the act of Assembly was' intended for the benefit of the bail — and requires on the part of every plaintiff good faith in his efforts to recover the debt from the principals.
 

 We think the judge erred when he instructed the jury, that the evidence produced warranted them in finding the issues in favor of the plaintiff.
 

 Pee. Cueiam, Judgment reversed, and
 
 venire de
 
 novo.